NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RADU DANIEL GRUMAZESCU,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    15-72334

Agency No. A078-849-685

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Radu Daniel Grumazescu, a native and citizen of Romania, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

8 U.S.C. § 1252.  We review for substantial evidence factual findings and review

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo questions of law. *Tamang v. Holder,* 598 F.3d 1083, 1088 (9th Cir. 2010).

We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Grumazescu is removable under 8 U.S.C. § 1182(a)(6)(C)(i) due to having procured admission through a fraudulent marriage, where the government presented clear and convincing evidence that he did not intend to establish a life with his United States citizen wife at the inception of their marriage. *See Nakamoto v. Ashcroft,* 363 F.3d 874, 881-82 (9th Cir. 2004) (in determining whether an alien entered into a marriage for the purpose of procuring admission into the U.S., the focus of the inquiry is whether the couple intended to establish a life together at the time they were married; this court must affirm the IJ's ruling unless the evidence is "so compelling that no reasonable fact finder could fail to find the facts were as [the alien] alleged").

The BIA did not err in considering evidence after the time of Grumazescu's marriage, because such evidence may "bear on the subjective intent of the parties at the time they were married." *Oropeza-Wong v. Gonzales,* 406 F.3d 1135, 1148 (9th Cir. 2005) (citation omitted).

Grumazescu's contention that the BIA improperly shifted the burden of

proof onto him is not supported by the record.

We lack jurisdiction to consider Grumazescu's unexhausted contentions that the agency improperly relied on evidence in an arrest report, that he was not given a proper individualized inquiry because his case was part of a series of cases regarding alleged marriage fraud, and that the IJ improperly shifted the burden of proof onto him.  8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004) ("[Section] 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**